USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/20/2019



JAMES E. JOHNSON
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

VALERIE E. SMITH
Assistant Corporation Counsel
phone: (212) 356-2398
fax: (212) 356-3509
email: vsmith@law.nyc.gov

December 19, 2019

**VIA ECF**
The Honorable Judge Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re: Garelabi Abusikin v. City of New York et al.
       18 CV 4582 (AT) (KNF)

Your Honor:

  I am a Senior Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney for defendants City of New York and Officer Mirjan Lolja ("Defendants") in the above-referenced matter. Defendants write to respectfully request that summary judgment motion practice be stayed pending the resolution of defendants' pending motion to dismiss. *See* ECF Nos. 60-62.

  "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Courts in this district have held that a stay may be "appropriate pending resolution of a potentially dispositive motion where the pending dispositive motion 'appear[s] to have substantial grounds or, stated another way, do[es] not appear to be without foundation in law.'" *Johnson v. New York Univ. School of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002).

  On December 12 2019, defendants filed a motion to dismiss pursuant to FED. R. CIV. P. 41(b) and 37(b) as a result of plaintiff's failure to engage in discovery and comply with a Court's Order. *See* ECF Nos. 60-62. Defendants also moved for sanctions pursuant to FED. R. CIV. P. 30(d). On December 13, 2019, defendants' motion was referred to the Honorable Kevin N. Fox for report and recommendation. *See* ECF No. 63. As of this writing, plaintiff has not opposed defendants' motion and the motion has not yet been decided.

  In the event that defendants' motion to dismiss is denied, there is still outstanding discovery that needs to be conducted thus, rendering summary judgment motion practice

premature. As such, in the interest of judicial economy, defendants request a stay of the commencement of summary judgment motion practice pending the resolution of defendants' motion to dismiss. *See* ECF Nos. 60-62.

Defendants thank the Court for its consideration of the request herein.

Respectfully submitted,

*/s/ Valerie E. Smith*

Valerie E. Smith
Senior Counsel
Special Federal Litigation Division

cc: **BY ECF**
Anthony Ofodile, Esq.
*Attorney for Plaintiff*

GRANTED in part, DENIED in part. The Court will not extend the time to file pre-motion letters pending the disposition of Defendant's motion to dismiss for failure to prosecute, ECF No. 60. If, however, Defendant requires further discovery before filing a summary judgment motion, Defendant may apply to the Honorable Kevin Nathaniel Fox to reopen discovery, and to compel Plaintiff to provide discovery as appropriate.

Accordingly, it is ORDERED that the time by which either party may file a pre-motion letter pursuant to Rule III(C) of the Court's Individual Practices in Civil Cases is extended to **January 17, 2020**. If, before January 17, 2020, either party files a motion to reopen fact discovery, the time for either party to file a pre-motion letter will be extended until **fourteen days after the resolution of that motion** by the Judge Fox -- or, if Judge Fox grants the motion, **fourteen days after the close of fact discovery.**

SO ORDERED.

Dated: December 20, 2019
New York, New York

_____
ANALISA TORRES
United States District Judge