```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _10/3/2022___
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GARELABI ABUSIKIN,

                      Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER
MIRJAN LOLJA and JOHN DOES 1-2,

                      Defendants.

18 Civ. 4582 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    The Court has reviewed Plaintiff's letters dated September 13 and 19, 2022, asking the Court to "take judicial notice" of an "intervening change in the law relating to malicious prosecution"—namely, the Supreme Court's decision in *Thompson v. Clark*, 142 S. Ct. 1332 (2022) ("*Thompson II*")—and to "charge the jury accordingly" at the trial scheduled to begin on October 17, 2022. ECF No. 147; *see also* ECF Nos. 140, 150. The Court has also reviewed Defendants' letter dated September 22, 2022, opposing Plaintiff's request as an untimely motion for reconsideration of the Court's dismissal of Plaintiff's malicious prosecution claim under 42 U.S.C. § 1983 in an order dated March 11, 2021 (the "Order"). *See* ECF No. 151; *see also* Order, ECF No. 91.

    The Court agrees with Defendants that Plaintiff's request should be construed as a motion for reconsideration of this aspect of the Order but finds that reconsideration is warranted. Under Rule 54 of the Federal Rules of Civil Procedure, the Court has the inherent power to reconsider any of its decisions prior to the entry of a final judgment adjudicating all claims at issue. Fed. R. Civ. P. 54(b); *see also United States v. LoRusso*, 695 F.2d 45, 53 (2d Cir. 1982). Reconsideration is warranted where the movant identifies an "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *DiLaura v. Power Auth. of N.Y.*, 982 F.2d 73, 76 (2d Cir. 1992) (citation omitted).

    Reconsideration is warranted here because an intervening change of controlling law in *Thompson II* calls into question the Court's dismissal of Plaintiff's § 1983 malicious prosecution claim. The elements of a federal and state cause of action for malicious prosecution are: "(1) the initiation of a proceeding, (2) its termination favorably to plaintiff, (3) lack of probable cause, and (4) malice." *Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003) (citation omitted). In the Order, the Court relied on the Second Circuit's decision in *Thompson v. Clark*, 794 F. App'x 140, 141–42 (2d Cir. 2020) ("*Thompson I*"), and granted Defendants summary judgment on Plaintiff's § 1983 malicious prosecution claim because Plaintiff had not satisfied the favorable termination prong by showing that his criminal prosecution was dismissed under circumstances that "affirmatively indicate[] his innocence." Order at 17–18.[1]

---

[1] Notably, the Court denied Defendants summary judgment as to Plaintiff's state law malicious prosecution claim, which requires a showing that the "circumstances surrounding the termination are not inconsistent with the innocence of the accused." Order at 19–23 (citation omitted).

After the Court's decision, the Supreme Court rejected the Second Circuit's reasoning in *Thompson I* and held that "a Fourth Amendment claim under § 1983 for malicious prosecution does not require the plaintiff to show that the criminal prosecution ended with some affirmative indication of innocence." *Thompson II*, 142 S. Ct. at 1341.  Rather, "[a] plaintiff need only show that the criminal prosecution ended without a conviction." *Id*.  This decision, therefore, represents a "change in controlling law" that clearly warrants the Court's reconsideration of its prior order.  *DiLaura*, 982 F.2d at 76; *see also Moran v. MTA Metro-N. R.R. Co.*, No. 19 Civ. 3079, 2022 WL 2237490, at *2 (S.D.N.Y. June 22, 2022).  The Court, therefore, GRANTS Plaintiff's motion for reconsideration and VACATES the portion of the Order granting summary judgment to Defendants on Plaintiff's § 1983 malicious prosecution claim.

Here, Plaintiff's case was terminated on March 6, 2017, when it was "dismissed and sealed."  *See* Order at 17.  Thus, Plaintiff has shown that his criminal prosecution "ended without a conviction."  *Thompson II*, 142 S. Ct. at 1341.  And, as was discussed in the Order, "a reasonable jury could find that Lolja initiated the charges against Plaintiff," Order at 17, and there "is an issue of material fact regarding probable cause . . . [and] malice," *id*. at 23.

Accordingly, upon reconsideration, Defendants' motion for summary judgment on Plaintiff's § 1983 malicious prosecution claim is DENIED.  By **October 7, 2022**, the parties shall file a jointly proposed jury instruction for Plaintiff's reinstated § 1983 malicious prosecution claim.

SO ORDERED.

Dated: October 3, 2022
         New York, New York

_____
ANALISA TORRES
United States District Judge